FILED
United States Court of Appeals
Tenth Circuit

July 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEOPOLDO GARNICA-ANITA,

Respondent-Appellant.

No. 11-3375
(D.C. Nos. 2:10-CV-02654-JWL &
2:06-CR-20160-JWL-3)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

Appellant Leopoldo Garnica-Anita pleaded guilty in the District of Kansas to one count of conspiracy to distribute and to possess with intent to distribute cocaine. *See* 21 U.S.C. § 846. Judgment was entered against him on April 24, 2008. In connection with his guilty plea, he executed a plea agreement that contained a waiver of his right to seek collateral review of his conviction. Notwithstanding this waiver, he filed this 28 U.S.C. § 2255 motion on December 1, 2010. The district court dismissed his motion as untimely.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Garnica-Anita then filed a motion under Fed. R. Civ. P. 60(b), ostensibly seeking relief from the judgment dismissing his § 2255 motion. The district court determined (1) that the issues raised in the 60(b) motion fell within the waiver contained in Mr. Garnica-Anita's plea agreement, and (2) that in any event the sole substantive claim raised in the 60(b) motion was a second or successive § 2255 claim that Mr. Garnica-Anita had no permission to file. *See* 28 U.S.C. §§ 2244(b)(3)(A) (requiring applicant to obtain authorization from court of appeals before filing second or successive application in district court); § 2255(h) (applying certification requirement to § 2255 motions).

Mr. Garnica-Anita appealed.[1] He now seeks a certificate of appealability (COA) to appeal the denial of his Rule 60(b) motion. We may issue a COA only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] In what Mr. Garnica-Anita styled as an "omnibus motion," his notice of appeal was combined with yet another Rule 60(b) motion, essentially identical to the previous Rule 60(b) motion the district court had denied. See R. at 211. The pendency of this renewed Rule 60(b) motion did not affect our jurisdiction over this appeal. This is because Mr. Garnica-Anita filed his "omnibus motion" containing the new Rule 60(b) motion more than 28 days after both the judgments (1) denying his § 2255 motion, and (2) denying the previous Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(4)(vi).

Mr. Garnica-Anita's combined opening brief and application for COA does not address any of the issues presented in his 60(b) motion. Nor does he take issue with the district court's bases for denying his motion or for denying him a COA. Instead, he launches an entirely new argument that finds no record support whatsoever.

In his combined application and brief, Mr. Garnica-Anita represents that he originally filed the § 2255 motion that is the subject of this appeal in the United States District Court for the Central District of California as a 28 U.S.C. § 2241 petition. He argues that the Central District of California misconstrued his § 2241 petition as a § 2255 motion and transferred it to the District of Kansas. As the sole form of relief requested, he asks us to issue an order to the United States District Court for the District of Kansas instructing that court to "allow the merits of the motion to be adjudicated in the Central District of California." Appl. for COA at 4.

Mr. Garnica-Anita's argument is entirely frivolous. First, there is no evidence whatsoever in the record that this case either began as a § 2241 petition or was ever filed in the Central District of California. Rather, both the district court's docket sheet and the relevant pleadings show that on December 1, 2010, Mr. Garnica-Anita signed and mailed this *§ 2255 motion* in the *District of Kansas*, where it was docketed on December 6, 2010. R. at 9, 69-70. Moreover, neither his § 2255 motion nor the Rule 60(b) motion from whose denial he appeals raises any argument concerning jurisdiction under § 2241. Mr. Garnica-Anita establishes no legal basis whatsoever to re-characterize his petition as a § 2241 petition or to transfer it to the

Central District of California. Finally, he presents no argument that would exempt this proceeding, however characterized, from the plea waiver he previously stipulated to and signed.

Mr. Garnica-Anita has failed to demonstrate that reasonable jurists could debate the fact that the district court was correct in its ruling dismissing his 60(b) motion in part as a second or successive § 2255 claim filed without authorization, and in dismissing the remaining 60(b) claims by enforcing the plea waiver he signed. We therefore DENY him a COA and DISMISS this appeal. As Mr. Garnica-Anita raised no non-frivolous issues on appeal, we DENY his application to proceed in forma pauperis and order him to pay immediately the entire filing fee due for this appeal.

Entered for the Court


Stephen H. Anderson
Circuit Judge